UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x
In re DORAL FINANCIAL CORPORATION   : Civil Action No. 1:05-md-01706-RO
SECURITIES LITIGATION                              :
                                                                         :  **ELECTRONICALLY FILED**
                                                                         :
This Document Relates To:                          :  CLASS ACTION
                                                                         :
    ALL ACTIONS.                                         :
                                                                         :
---------------------------------------------------------- x


MEMORANDUM OF LAW IN OPPOSITION TO THE ARGENT FUNDS' MOTION FOR
RECONSIDERATION OF LEAD PLAINTIFF APPOINTMENT ORDER

Court-appointed Lead Plaintiff West Virginia Investment Management Board ("West Virginia") respectfully submits this memorandum of law in opposition to the Argent Funds'[1] motion for reconsideration of the February 8, 2006 Order appointing Lead Plaintiff in this consolidated action (the "Order").

## I. PRELIMINARY STATEMENT

Following several rounds of briefing and oral argument before the Court on the competing motions for appointment as lead plaintiff, the Court granted West Virginia's motion and appointed it as Lead Plaintiff and denied the motions of the other movants, including that of the Argent Funds. Not content to be without a leadership role in this action, the Argent Funds have filed the instant motion requesting that the Court reconsider all of the prior arguments on the ground that "good cause exists for the granting of the relief sought." Notice of Motion of Argent Classic Convertible Arbitrage Fund (Bermuda) Ltd., Argent Lowlev Convertible Arbitrage Fund Ltd. and Argent Classic Convertible Arbitrage Fund, L.P. for Reconsideration of Lead Plaintiff Appointment Order, filed on February 23, 2006, at 1.

Nowhere in their motion, however, do the Argent Funds point out what exactly this "good cause" is. Indeed, every argument that it now asserts in its motion has been previously addressed in all of the earlier briefing and at oral argument. Thus, there is simply no proper basis for granting reconsideration of the Order. In any event, the arguments that the Argent Funds continue to make seeking its own appointment as a lead plaintiff have been time and again routinely rejected by numerous courts, both in this Circuit and elsewhere. *See Hevesi v. Citigroup, Inc*. 366 F.3d 70, 82-

---

[1] The Argent Funds are comprised of Argent Classic Convertible Arbitrage Fund (Bermuda) Ltd., Argent Lowlev Convertible Arbitrage Fund Ltd. and Argent Classic Convertible Arbitrage Fund, L.P.

83 (2d Cir. 2004) (stating that the Private Securities Litigation Reform Act does not require district courts to choose a lead plaintiff with standing to sue on every available cause of action); *see also In re Cendant Corp. Litig.*, 182 F.R.D. 144, 148 (D.N.J. 1998) (refusing to appoint niche lead plaintiffs and holding that "every warrior in this battle cannot be a general"). Accordingly, West Virginia respectfully submits that the Argent Funds' motion for reconsideration should be denied.

## II.    ARGUMENT

### A.    THE MOTION FOR RECONSIDERATION SHOULD BE DENIED BECAUSE IT DOES NOT RAISE ANY NEW OR OVERLOOKED ARGUMENTS

#### 1.    Standard on a Motion for Reconsideration

The Argent Funds have brought this motion pursuant to Local Rule 6.3, which provides, in pertinent part that, when filing a motion for reconsideration:

> [t]here shall be served with the notice of motion a memorandum setting forth concisely ***the matters or controlling decisions which counsel believes the court has overlooked***.

S.D.N.Y. Local Civil Rule 6.3 (emphasis added)

"Local Rule 6.3 should be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *Davidson v. Scully*, 172 F. Supp. 2d 458, 462 (S.D.N.Y. 2001). Moreover, the "standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp.*, 70 F.3d 255, 257 (2d Cir. 1995).

#### 2.    The Argent Funds' Arguments Have Already Been Considered and Rejected by this Court

As this Court previously held in *Paradysz Matera Co. v. Robertson*, 04-CV-01779 RO, 2004 U.S. Dist. LEXIS 14606, 1-2 (S.D.N.Y. 2004) (Owen, J.), a motion for reconsideration is "not a

motion to reargue those issues already considered when a party does not like the way the original motion was resolved." *Id*., *quoting Houbigant, Inc. v. ACB Mercantile (In re Houbigant, Inc.),* 914 F. Supp. 997, 1001 (S.D.N.Y. 1996). Rather, in order to satisfy the standards of a motion for reconsideration under Local Rule 6.3, a movant "must show that the Court has overlooked controlling decisions or factual matters that, had they been considered, might reasonably have altered the result." *Paradysz at 1*.; *see also Shamis v. Ambassador Factors Corp.*, 187 F.R.D. 148, 151 (S.D.N.Y. 1999) (holding that reconsideration under Local Rule 6.3. is merited if a movant can "demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion.").

In their motion, the Argent Funds argue that "the existence of preferred investors requires the establishment of a preferred subclass with Argent as the subclass representative." Argent Funds' Memorandum in Support of Motion for Reconsideration of February 8, 2006 Opinion and Order Appointing West Virginia Investment Management Board as Sole Lead Plaintiff, filed February 23, 2006, at 1. The Argent Funds then further argue that because of the existence of these preferred investors, the "court has overlooked controlling law or applicable facts concerning the competing movants." *Id*. The Argent Funds, however, fail to make any showing that the arguments that they now raise were not properly and fully discussed beforehand. In fact, these very arguments were previously (and extensively) made by the Argent Funds[2] and were outright rejected by this Court.[3] *See* Order at *3-*4.

---

[2]     *See* Memorandum of Law of Argent Classic Convertible Arbitrage Fund (Bermuda) Ltd., Argent Lowlev Convertible Arbitrage Fund Ltd. and Argent Classic Convertible Arbitrage Fund, L.P. in Opposition to Motions for Consolidation, dated July 8, 2005, at 5, 8-19 and Reply Memorandum of Law of the Argent Funds in Further Support of their Motion for Appointment of Lead Plaintiff and Lead Counsel, dated July 20, 2005, at 1-11 ("Argent Reply") (arguing at length that the Argent Funds represented the largest financial interest of all movants and that they should be

- 3 -

Moreover, and as previously set forth in detail in the Institutional Investor Group's memorandum of law in opposition to the competing motions for appointment as lead plaintiff (filed on July 8, 2005), the notion of appointing a "niche" lead plaintiff has been routinely rejected by numerous courts and was properly rejected by the Court in its Order. *See Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 254 (S.D.N.Y. 2003) (citation omitted) ("Designating multiple Lead Plaintiffs to represent each cause of action would fracture the litigation and 'obstruct any efficient and controlled progress'"); *see also In re Elan Corp. Sec. Litig.,* No. 02 Civ. 865 (WKFM) 2002 WL 31720410 (S.D.N.Y. Dec. 3, 2002); *In re IPO Sec. Litig.*, 21 MC 92, 2002 U.S. Dist. LEXIS 23823 (S.D.N.Y. Dec. 12, 2002) (SAS); *Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146 (N.D. Cal. 1999). Thus, the Argent Funds have failed to provide any proper basis for granting reconsideration of the Order.[4]

## III.    CONCLUSION

For all the foregoing reasons, West Virginia respectfully requests that the Court deny the Argent Funds' motion for reconsideration.

---

entitled to appointment as lead plaintiff of any combined 4.75% preferred stock and common stock class).

[3]    The Argent Funds' attempt to now distinguish the cases relied on by the Court and the competing lead plaintiff movants by arguing – in half of their memorandum – that the Court should appoint a niche lead plaintiff who purports to represent the largest financial interest overall, is nothing new. These exact arguments were made by the Argent Funds in their earlier-filed reply memorandum of law, *see* Argent Reply at 7, and were rejected by the Court. This argument has not changed in any way since it was first made; thus there is no basis for granting reconsideration.

[4]    The Argent Funds have also overlooked – and failed to address in this motion – all of the other concerns that were raised about its motion for appointment as lead plaintiff, including that it short-sold Doral common stock and made a substantial gain on those trades, and that it engaged in atypical trading strategies with regard to its trading in Doral securities.

DATED:  March 13, 2006                    LERACH COUGHLIN STOIA GELLER
                                            RUDMAN & ROBBINS LLP
                                          SAMUEL H. RUDMAN (SR-7957)
                                          DAVID A. ROSENFELD (DR-7564)


                                                /s/ Samuel H. Rudman
                                          SAMUEL H. RUDMAN

                                          58 South Service Road, Suite 200
                                          Melville, NY  11747
                                          Telephone:  631/367-7100
                                          631/367-1173 (fax)

                                          LERACH COUGHLIN STOIA GELLER
                                            RUDMAN & ROBBINS LLP
                                          PATRICK J. COUGHLIN
                                          JONATHAN E. BEHAR
                                          MICHAEL F. GHOZLAND
                                          9601 Wilshire Blvd., Suite 510
                                          Los Angeles, CA  90210
                                          Telephone:  310/859-3100
                                          310/278-2148 (fax)

                                          Lead Counsel for Plaintiffs

I:\Doral Financial\LP Motion\opp to motion for reconsideration.doc

CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2006, a copy of the foregoing MEMORANDUM OF LAW IN OPPOSITION TO THE ARGENT FUNDS' MOTION FOR RECONSIDERATION OF LEAD PLAINTIFF APPOINTMENT ORDER was sent, via U.S. Mail, postage prepaid to the following parties on the attached service list.

s/ David A. Rosenfeld

DAVID A. ROSENFELD

SERVICE LIST

**Defense Counsel**

Jennifer L. Kroman
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY 10006
212/225-2000
212/225-3999 (Fax)

Matthew D. Slater
Cleary Gottlieb Steen & Hamilton LLP
2000 Pennsylvania Avenue, N.W. 9th Floor
Washington, DC 20006
202/974-1500
202/974-1999 (Fax)

Nestor Mendez-Gomez
Pietrantoni Mendez & Alvarez
209 Munoz Rivera Avenue, Suite 1901
San Juan, PR 00918
787/274-4904
787/274-1470 (Fax)

Benito Morales
PricewaterhouseCoopers
BBVA Building
254 Munoz Rivera Avenue, Suite 900
Hato Rey, PR 00918
787/754-9090
787/766-1094 (Fax)

Barry W. Rashkover
Lynn A. Dummett
Sidley Austin LLP
787 7th Avenue, 22nd Floor
New York, NY 10019
212/839-5300
212/839-5599 (Fax)

**Plaintiff's Counsel**

Ira M. Press
Pamela E. Kulsrud
Kirby McInerney & Squire, LLP
830 Third Avenue, 10th Floor
New York, NY 10022
212/371-6600
212/751-2540 (Fax)

Samuel H. Rudman
Robert M. Rothman
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
58 South Service Road, Suite 200
Melville, NY 11747
631/367-7100
631/367-1173 (Fax)

Patrick J. Coughlin
Jonathan E. Behar
Michael F. Ghozland
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
9601 Wilshire Blvd., Suite 510
Los Angeles, CA 90210
310/859-3100
310/278-2148 (Fax)