```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
In re   DORAL FINANCIAL CORPORATION     :    OPINION & ORDER
        SECURITIES LITIGATION           :    05 MDL 1706 (RO)
                                        :
----------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/27/06

OWEN, District Judge:

On December 15, 2005, this Court, acting pursuant to a transfer order from the U.S. Judicial Panel on Multidistrict Litigation and Rule 42(a) of the Federal Rules of Civil Procedure, consolidated twenty-four related securities fraud actions filed against Doral Financial Corporation[1] and certain of its directors and officers, alleging a scheme of systematic accounting fraud designed to inflate the company's financial statements.[2]

The five shareholder derivative actions allege breaches of fiduciary duties, abuse of control, gross mismanagement, waste of corporate assets, unjust enrichment, and violations of the Sarbanes-Oxley Act of 2002, and were initiated against some or all of the following officers and directors: Salomon Levis, Ricardo Melendez, Mario Levis, Zoila Levis, Fernando R. Munich, Richard F. Bonini, Edgar M. Cullman, Jr., John L. Ernst, Efraim Kier, Harold D. Vicente, Peter A. Hoffman, John B. Hughes, and A. Brean Murray. Several plaintiffs in these

---

[1] Doral is a diversified financial services company that is engaged in mortgage banking, commercial banking, institutional securities (broker-dealer) operations and insurance agency activities in the United States and Puerto Rico. Doral's core business includes the origination, purchase, sale and servicing of mortgage loans on single-family residences. It is the largest residential mortgage lender in Puerto Rico, and is the parent company of Doral Bank, Doral Securities, Doral Insurance Agency, Inc., and Doral Bank FSB.

[2] There were eighteen class action stockholder suits: *Finn v. Doral*, 05-cv-4014; *Faverman v. Doral*, 05-cv-4026; *Simons v. Doral*, 05-cv-4074; *Grobler v. Doral*, 05-cv-4077; *Galaxy Electronics Corp. v. Doral*, 05-cv-4087; *Orchinik v. Doral*, 05-cv-4098; *Bernie v. Doral*, 05-cv-4113; *Vu v. Doral*, 05-cv-4141; *Faith v. Doral*, 05-cv-4233; *Borger v. Doral*, 05-cv-4250; *Lapat v. Doral*, 05-cv-4294; *Scheiner v. Doral*, 05-cv-4413; *Barich v. Doral*, 05-cv-4973; *Janicek v. Doral*, 05-cv-5212; *Gagov v. Doral*, 05-cv-5213; *Deerfield Beach Non-Uniformed Municipal Employees Retirement Plan v. Doral*, 05-cv-9298; *Garcia-Flores v. Doral*, 05-cv-9299; *Argent Classic Convertible Arbitrage Fund (Bermuda) Ltd. v. Doral*, 05-cv-5565. There were five shareholder derivative actions: *Gavov v. Levis*, 05-cv-5248; *Freeborn v. Levis*, 05-cv-5250; *Rosenbaum Capital, LLC v. Levis*, 05-cv-5486; *Heimann v. Levis*, 05-cv-5548; *Corwin v. Levis*, 05-cv-9045. And there was one individual-plaintiff suit: *Jordan v. Doral*, 05-cv-8882.

1

actions filed motions for appointment of lead derivative plaintiff and designation of lead derivative counsel. The movants are the following:

(1) Samuel Freeborn, III and Rosenbaum Capital, LLC seek appointment as co-lead derivative plaintiffs, and the appointment of William B. Federman of the law firm of Federman & Sherwood and Brian M. Felgoise of the Law Offices of Brian M. Felgoise as co-lead derivative counsel.

(2) Estelle Heimann failed to appear at the December 15, 2005 hearing before me on the issue, so I deem her motion abandoned.

No statutory authority exists for the appointment of lead plaintiff in shareholder derivative actions. The court should seek appropriate leadership structure to coordinate the litigation and avoid duplication. See MacAlister v. Guterma, 263 F.2d 65, 68-69 (2d Cir. 1958). Accordingly, I designate Rosenbaum Capital, LLC as lead derivative plaintiff, and appoint William B. Federman of Federman & Sherwood as lead derivative counsel,[3] while reserving the right hereafter to modify the lead counsel structure in the best interests of the litigants.

So ordered.

Dated: New York, New York
April 26, 2006

United States District Judge

---

[3] This case management structure is streamlined and highly experienced in trial work and complex litigation.

2